CHARLES W. HILL *vs*. THE LEA MILLING COMPANY, a corporation of the State of Delaware, and FLORENCE R. CRUMLISH, Intervenor.

LANDLORD AND TENANT—TERMINATION OF TENANCY—RIGHTS IN CROP.

A tenant in August, 1910, rented a farm at one thousand dollars yearly rent, which was paid for the years 1911 and 1912. The tenant sowed a crop of wheat in the fall of 1912, furnishing the seed wheat and phosphate, and moved away at "moving time" in the early part of 1913. *Held*, that the tenant was entitled to one-half the crop of 1913, and the landlord one-half, and the tenant could recover from the landlord one-half the amount he had paid out for phosphate.

(*March* 31, 1914.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*Julian C. Walker* for plaintiff.
*Philip L. Garrett* for defendant.
*Harry Emmons* for intervenor.
Superior Court, New Castle County, March Term; 1914.

ACTION OF ASSUMPSIT (No. 148, September Term, 1913) by Charles W. Hill against the Lea Milling Company, in which Florence R. Crumlish intervened for the recovery of the sum of four hundred and forty dollars and ninety-six cents, the price of five hundred and twelve and three-quarters bushels of wheat which the plaintiff, who was a tenant of Florence R. Crumlish, sold and delivered to the defendant company.

After the delivery of the wheat and before it had been paid for, Mrs. Crumlish made a demand upon the Milling Company for the proceeds thereof, claiming that she, and not her tenant, was entitled thereto.

The defendant company declined to pay either the plaintiff or Mrs. Crumlish for the wheat.

The plaintiff having brought this action and filed his declaration, the defendant company, under *Sections* 34 and 35, *Chapter* 218, *Volume* 17, *Laws of Delaware, Rev. Code* 1893, *p.* 795, and rule of court 14, § 1 (41 *Atl. viii*), before plea pleaded, preferred its petition to the court, duly verified, setting forth the facts, including the claim made upon it by Florence R. Crumlish for the proceeds of the wheat, in which it disclaimed all interest in the subject-matter of the action, and offered to bring the money due and owing for the wheat into court, or to pay or dispose thereof as the court should order. Thereupon the court ordered and directed that the defendant company shall within three days from the date of the making of the order pay into court the said sum of four hundred and forty dollars and ninety-six cents, being the sum in its hands as set forth in its said petition, and further ordered that a rule issue to Charles W. Hill, the plaintiff, and to Florence R. Crumlish, the claimant of said money, to show cause why the said plaintiff should not interplead with the said Florence R. Crumlish, and why the latter should not be made a party to the action and interplead with the plaintiff.

The defendant company paid the money into court, and said rule issued. Upon the return of the rule showing service upon the parties, the plaintiff was ordered to interplead with Florence R. Crumlish, who was made a party to the action and directed to interplead with the plaintiff. In compliance with said rule of court, the plaintiff and the intervenor each successively filed a statement of his and her claim to the money so paid into court. The cause coming on to be heard, the plaintiff and the intervenor respectively agreed that the issues of fact shall be tried by the court, and judgment rendered upon their decision thereon as in cases tried by a jury.

Hill, the plaintiff, claimed that he rented a certain farm of Mrs. Crumlish, on or about August 15, 1910, for a money rent of one thousand dollars per annum, which, it was conceded, he paid for the years 1911 and 1912; that he was to have the privilege of

sowing wheat in the fall of 1910, upon condition that he should purchase all of the stock and farming implements on the farm, and belonging to Mrs. Crumlish, and also that he should harvest the crop of corn then growing on the farm at his expense, all of which he did, and afterwards purchased the corn paying therefor as well as for the stock and implements; that he sowed the wheat crop in 1910 furnishing the seed wheat and phosphate; that he moved upon the farm on the fifteenth day of November, 1910, and remained thereon until moving time in the early part of 1913, having sowed a wheat crop, in the fall of 1912, furnishing the seed wheat and phosphate. He claimed that, having paid the rent for the years 1911 and 1912, he was entitled to the wheat crop in question.

Mrs. Crumlish, the interpleading defendant, claimed that although Hill sowed the wheat in the fall of 1912, he was not, as away-going tenant, entitled to any part of the crop, and she claimed the whole of the proceeds thereof.

PENNEWILL, C. J.:—The court think that inasmuch as the tenant furnished all the teams, and labor, all the phosphate, and all the seed wheat in putting in the crop, the landlord should have furnished half of the phosphate, which is seventy-five dollars. Therefore we think that the tenant is entitled to half of the total amount, four hundred and forty dollars and ninety-six cents, or two hundred and twenty dollars and forty-eight cents, plus seventy-five dollars, the share of the phosphate the landlord did not furnish, making two hundred and ninety-five dollars and forty-eight cents; and the landlord is entitled to two hundred and twenty dollars and forty-eight cents, less seventy-five dollars, or one hundred and forty-five dollars and forty-eight cents.

Our decision is based upon the circumstances of this particular case, and we think the adjustment is as equitable as we can make.

Let an order be entered accordingly, each party paying one-half the costs.